IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MERCEDES-BENZ VEHICLE TRUST, §
§
      Plaintiff, §
§
V. §     No. 3:26-cv-403-L
§
KYOUNG LIM JUNG and WELLS §
FARGO BANK, N.A., §
§
      Defendants. §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

In this lawsuit concerning the ownership of a 2022 Mercedes-Benz S580V4 (the "Vehicle"), Plaintiff Mercedes-Benz Vehicle Trust ("MB") filed an application for a writ of sequestration under Federal Rule of Civil Procedure 64(a) and Chapter 62 of the Texas Civil Practice and Remedies Code, a provision of Texas law, which, in a suit "for title or possession of personal property," allows for writs of sequestration on personal property when "a reasonable conclusion may be drawn that there is immediate danger that the defendant or the party in possession of the property will conceal, dispose of, ill-treat, waste, or destroy the property or remove it from the county during the suit." TEX. CIV. PRAC. & REM. CODE § 62.001(1); Dkt. No. 7.

MB also moved for a hearing on its application. *See* Dkt. No. 8.

United States District Judge Sam A. Lindsay referred both filings to the undersigned United States magistrate judge under 28 U.S.C. § 636(b). *See* Dkt. No. 9.

As ordered, the parties filed expedited briefing. *See* Dkt. Nos. 10, 11, & 13.

And, because MB's request functionally seeks an injunction, the undersigned enters these findings of fact and conclusions of law recommending that the motion for hearing be denied and that the application be denied without prejudice. *Cf.* 28 U.S.C. § 636(b)(1)(A) (specifying that a motion for injunctive relief is an exception to the pretrial matters that may be referred to a magistrate judge for hearing and determination); *In re Ibiuna Credito Gestao de Recursos Ltda.*, No. 3:24-mc-24-D-BN, 2024 WL 4309481, at \*3 (N.D. Tex. Aug. 8, 2024) (comparing various motions and observing, in applicable part, that motions considered to be not dispositive are those that are "not listed in 28 U.S.C. § 636(b)(1)(A) and do not have an identical effect to, or amount to the functional equivalent of, one of the listed motions" (citations omitted)), *rec. adopted sub nom. In re Application of Ibiuna Credito Gestao de Recursos Ltda.*, No. 3:24-mc-24-D, 2024 WL 4314985 (N.D. Tex. Sept. 26, 2024).

## Discussion

Rule 64(a) "provides that, '[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.'" *Rock Island Auction Co. v. Dean*, No. 3:23-cv-2642-S-BN, 2023 WL 9503455, at \*5 (N.D. Tex. Dec. 6, 2023) (quoting FED. R. CIV. P. 64(a)).

So, under Rule 64, "[t]he manner in which property is seized depends upon state law." *Harris v. Nat'l Seal Co. Enhanced Severance Pay Plan*, Civ. A. No. H-03-4499, 2007 WL 1643225, at \*3 (S.D. Tex. June 4, 2007).

And, as set out above, Texas law allows for writs of sequestration as to personal

- 2 -

property when "a reasonable conclusion may be drawn that there is immediate danger that the defendant or the party in possession of the property will conceal, dispose of, ill-treat, waste, or destroy the property or remove it from the county during the suit." TEX. CIV. PRAC. & REM. CODE § 62.001(1).

"The application for writ of sequestration must be made under oath and must set forth '(1) the specific facts stating the nature of the plaintiff's claim; (2) the amount in controversy, if any; and (3) the facts justifying issuance of the writ.'" *Ferrari Fin. Servs., Inc. v. Mills*, No. 1:24-CV-1009-RP, 2025 WL 1174630, at *3 (W.D. Tex. Feb. 4, 2025) (quoting TEX. CIV. PRAC. & REM. CODE § 62.022), *rec. adopted*, 2025 WL 1173436 (W.D. Tex. Apr. 21, 2025); *see also Bargas v. Copeland State Bank*, No. 03-01-00098-CV, 2001 WL 1509972, at *1 n.3 (Tex. App. Nov. 29, 2001) (noting that "[s]equestration is an extraordinary pre-judgment writ" that requires "[s]worn pleadings and a bond" and that "[t]he defendant … be served with the writ").

Starting with MB's request for a hearing, the Court is not required to a hold a hearing on its application. *See* N.D. TEX. L. CIV. R. 7.1(g); *see, e.g., GE Commercial Distrib. Fin. Corp. v. Speedboats of Tex., L.P.*, No. 3:10-cv-705-P, 2010 WL 11537441, at *2 (N.D. Tex. Oct. 1, 2010) ("In light of the briefing and the information filed by the parties, the court finds a hearing is not necessary to dispose of" the application for writ of sequestration); *cf. Garza v. Universal Healthcare Servs., Inc.*, No. 2:16-CV-00364, 2017 WL 11646814, at *6 (S.D. Tex. Nov. 20, 2017) ("Ultimately, the Court will decide the motion to dismiss unbound by the TCPA's rules requiring a hearing and accelerated timetables for a decision. The Court has discretion pursuant to its

local rules to grant or deny a request for hearing. The Court may deny a request for hearing if it determines that it can rule on the motion for which the hearing is requested on the pleadings and briefs." (citations omitted)).

And the undersigned finds that, based on the evidence submitted, the Court should deny the application without prejudice where MB has not carried its burden to provide evidence that allows the Court to draw a "reasonable conclusion" that Defendant Kyoung Lim Jung – who was not served with summons until April 13, 2026, *see* Dkt. No. 12, and who MB certifies was mailed a copy of the writ application on April 16, 2026, *see* Dkt. No. 7 at 7 – "will conceal, dispose of, ill-treat, waste, or destroy" the Vehicle or – if the Vehicle is in Dallas County – "remove it from [Dallas County] during the suit," TEX. CIV. PRAC. & REM. CODE § 62.001(1); *compare cf.* Dkt. No. 7, Ex. A, at 11 ("Upon further information and belief, Defendant Jung is currently in possession of the Vehicle and has registered the Vehicle in Texas."), *with Carmack v. Park Cities Healthcare, LLC*, No. 3:16-cv-3500-D, 2021 WL 4133494, at \*10 (N.D. Tex. Sept. 10, 2021) (concluding that, "because the court lacks authority to issue a writ of execution for horses located in New Hampshire, it denies the motion to the extent it seeks such relief")

First, as to MB's evidence [Dkt. No. 7, Ex. A] generally, to the extent that the declarant makes statements based on her information and belief but offers no further evidence to support such statements, she would appear to be testifying to matters outside her personal knowledge. *See Arnett v. C&S Delivery Servs. LLC*, No. 3:24-cv-1643-BN, 2025 WL 2410070, at \*4 (N.D. Tex. Aug. 20, 2025) ("Declarations asserting

- 4 -

personal knowledge must include enough factual support to show that the declarant possesses that knowledge. *See Amie v. El Paso Indep. Sch. Dist.*, 253 F. App'x 447, 451 (5th Cir. 2017). A statement is not within a declarant's personal knowledge if the statement is based on information and belief. *See Ripple v. Marble Falls Indep. Sch. Dist.*, 99 F. Supp. 3d 662, 673 (W.D. Tex. 2015).").

Regardless, MB's evidence to support its burden under Section 62.001(1), *see* Dkt. No. 7, Ex. A, at 11-12, is conclusory, offering no facts specific to Mr. Jung "from which this Court could reasonably infer an 'immediate danger' that [Mr. Jung] will 'conceal, dispose of, ill-treat, waste, or destroy the property or remove [the Vehicle] from the county' during the pendency of this case, as required under section 62.001(1)." *Ferrari Fin. Servs.*, 2025 WL 1174630, at *3 (quoting TEX. CIV. PRAC. & REM. CODE § 62.001(1); citing *Insight Invs., LLC v. Icon Constr., Inc.*, No. 4:18-CV-00531-ALM-KPJ, 2020 WL 5172472, at *4 (E.D. Tex. Aug. 12, 2020), *rec. adopted*, 2020 WL 5106824 (E.D. Tex. Aug. 28, 2020)).

That is, MB's evidence supports a conclusion that the Vehicle may (or may not) be in Mr. Jung's possession and, if it is, it may (or may not) be in operation, offering unremarkable conclusions that are not particularized to the Vehicle nor Mr. Jung that include that "[e]very mile that is put on the Vehicle diminishes its value"; that "while in operation the Vehicle is exposed to a significant risk of need for mechanical repairs"; and that "while in operation the Vehicle is exposed to significant risk of damage or total destruction were it to be in an accident." Dkt. No. 7, Ex. A., at 11-12; *cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that ***the defendant*** is liable for the misconduct alleged." (emphasis added)).

And, contrary to MB's position on reply, *see generally* Dkt. No. 7, in federal court – where hearings are the exception, not the norm, *see, e.g.*, N.D. TEX. L. CIV. R. 7.1(g) – it may not rely on conclusory evidence and expect that the Court will then set a hearing at which it will be allowed to provide sufficient support for its requested relief.

### Recommendation

The Court should deny without prejudice Plaintiff Mercedes-Benz Vehicle Trust's application for a writ of sequestration [Dkt. No. 7] and deny its motion for a hearing on this application [Dkt. No. 8].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

- 7 -

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 29, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE