IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MERCEDES-BENZ VEHICLE TRUST,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. **3:26-CV-403-L** |
| | § | |
| **KYOUNG LIM JUNG and WELLS** | § | |
| **FARGO BANK, N.A.,** | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

On April 29, 2026, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 14) was entered, recommending that the court deny Plaintiff Mercedes-Benz Vehicle Trust's ("MB") Application for a Writ of Sequestration ("Application") under Federal Rule of Civil Procedure 64(a) and Chapter 62 of the Texas Civil Practice and Remedies Code, a provision of Texas law, which, in a suit "for title or possession of personal property," allows for writs of sequestration on personal property when "a reasonable conclusion may be drawn that there is immediate danger that the defendant or the party in possession of the property will conceal, dispose of, ill-treat, waste, or destroy the property or remove it from the county during the suit." Doc. 14 (quoting Tex. Civ. Prac. & Rem. Code Ann. § 62.001(1)). MB also moved for a hearing on its Application, which was denied by the magistrate judge. No objections to the Report were filed, and the fourteen-day objection deadline has expired.

Having considered the Application, file, record, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Plaintiff's Application (Doc. 7).

**Order – Page 1**

Further, as it has been more than 90 days since this action was removed to federal court on February 13, 2026, and there is no indication from the docket sheet that service of process has been effected as to Defendant Kyoung Lim Jung, the court **directs** Plaintiff to serve Defendant Jung or show cause in writing by **12 p.m. on June 22, 2026**, why the claims against Defendant Jung should not be dismissed without prejudice as a result of Plaintiff's failure to serve Defendant Jung within the time required by Federal Rule of Civil Procedure 4(m).[*] Failure to comply with this order will result in the dismissal without prejudice of Plaintiff's claims against Defendant Jung pursuant to Rule 4(m).

**It is so ordered** this 21st day of May, 2026.

Sam A. Lindsay
United States District Judge

---

[*] Rule 4(m) requires service of process to be effected within 90 days after the filing of the complaint. When service is not made on a defendant within 90 days after filing of the complaint, the court may, after notice to the plaintiff, dismiss the action as to that defendant without prejudice, or, instruct the plaintiff to effect service within a specific time. Fed. R. Civ. P. 4(m).

**Order – Page 2**